UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **FALONI & ASSOCIATES, LLC,** :  | |
| : | **Civil Action No. 19-9494 (ES) (MAH)** |
| **Plaintiff,** : | |
| : | |
| v. : | **OPINION** |
| : | |
| **CITIBANK, N.A.,** : | |
| : | |
| **Defendant.** : | |

---

## I. INTRODUCTION

This matter comes before the Court on Defendant Citibank N.A.'s motion to transfer. Def. Mot. to Transfer, June 26, 2019, D.E. 16. The Court has considered the parties' submissions and their arguments raised in Court on October 9, 2019. For the reasons set forth below, the Court will grant Defendant's motion to transfer this case to the United States District Court for the District of South Dakota.

## II. BACKGROUND

Faloni & Associates, LLC ("Plaintiff") is a law firm located in Fairfield, New Jersey. Notice of Removal, Apr. 10, 2019, D.E. 1, Exh. 1, Compl., ¶ 1. Defendant, a national bank, is licensed to operate in and regularly does business in New Jersey. *Id.* ¶ 2. Plaintiff collected delinquent debts on second mortgages on behalf of Defendant pursuant to a contract between the parties which originated in as early as April 2009, and was renewable each year thereafter. *Id.* ¶¶ 2-4. Plaintiff alleges that the "Attorney Collection Services Master Agreement" ("the 2013 Master Agreement"), effective January 1, 2013, provided that Plaintiff "was to receive a nineteen percent (19%) fee on any and all amounts collected on the 2nd mortgages." *Id.* ¶ 5. In January

2013, Citibank received a credit from the Federal Government for more than $40 million dollars on some of the mortgages placed with it for collection. *Id.* ¶ 6. Based on that credit, Plaintiff contends that it is entitled to its nineteen percent fee in the amount of $8,021,002.05. *Id.* Plaintiff maintains that it billed Defendant for this amount, but that Defendant failed to pay Plaintiff. *Id.* ¶ 7.

On March 7, 2019, Plaintiff its complaint in the Superior Court of New Jersey, Essex County, Law Division, alleging Breach of Contract (Count I), Promissory Estoppel (Count II), Unjust Enrichment (Count III), and Account Stated (Count IV). *Id.*, ¶¶ 8-24. Notice of Removal, D.E. 1, at 11. In Count V, Plaintiff avers that it is owed $21,002.50 for additional work that it did on behalf of Defendant that was not included in the 2013 Master Agreement. *Id.*, ¶¶ 25-31. Defendant timely removed this matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *Id.* at 1.

Defendant now seeks to transfer this case to the United States District Court for the District of South Dakota pursuant to a forum selection clause within the 2013 Master Agreement. Master Agreement, D.E. 16, Ex. A, at 3. The forum selection clause stated, *inter alia*, "[b]oth parties agree to be subject to the jurisdiction of South Dakota courts and that any and all claims arising from this Agreement shall be litigated if at all in the United States District Court for the District of South Dakota." *Id.* at 4. Defendant argues that the forum selection clause is valid and enforceable, Counts I-IV of Plaintiff's Complaint fall within the scope of the forum selection clause, the relevant factors under a 28 U.S.C. § 1404(a) analysis support transfer to South Dakota, and Count V should also be transferred to South Dakota in the interest of judicial economy. Def. Mot. to Transfer, June 26, 2019, D.E. 16, at 7-19.

Plaintiff opposes the motion, initially arguing that Defendant had failed to provide a signed copy of the 2013 Master Agreement between the parties; other contracts existed between the parties; and even if this Court finds that the forum selection clause in the 2013 Master Agreement is enforceable, the Court should decline to transfer this matter to South Dakota based on various equitable considerations. Memorandum of Law in Opposition, July 22, 2019, D.E. 18, at 1-6. In reply, Defendant attached a signed copy of the 2013 Master Agreement. Reply, July 29, 2019, D.E. 19, Exh. A, at 3-4. At the oral argument on October 9, 2019, the parties agreed that the signed 2013 Master Agreement is the operative and controlling agreement pertaining to the claims currently before the Court.

### III. DISCUSSION

Title 28 Section 1404(a) of the United States Code provides that for the "convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) exists to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (internal citations and quotations omitted). The moving party bears the burden of establishing the propriety of the transfer "with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).

If a contract contains a valid forum selection clause, then the court must "transfer the case unless extraordinary circumstances unrelated to the convenience of parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas,* 571 U.S. 49, 52

(2013). "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' under § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Id*. at 59. "[Because] the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (citations omitted). Accordingly, this Court will first examine the enforceability of the forum selection clause, and if enforceable, determine whether transfer is warranted under § 1404(a).

### A.  VALIDITY OF THE FORUM SELECTION CLAUSE

The Court must determine whether the clause itself is valid. Federal law governs the enforceability of a forum selection clause in a diversity case like this one. *See Cadapult Graphic Systems, Inc. v. Tektronix Inc.,* 98 F. Supp. 2d 560, 563 (D.N.J. 2000). "It is well established that a forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.,* 783 F.2d 352, 356 (3d Cir. 1986) (quoting *The Bremen v. Zapatha Off-Shore Co.,* 407 U.S. 1, 10 (1972)). A forum selection clause is unenforceable only if a party establishes: "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Ramada Worldwide Inc. v. SB Hotel Mgmt. Inc.,* No. 14-2186, 2015 WL 758536, at *3 (D.N.J. Feb. 23, 2015) (citations omitted). Accordingly, courts enforce forum selection clauses "unless the resisting party makes a strong showing that the clause is unenforceable." *Cadapult*, 98 F. Supp. 2d at 564 (citations and quotations omitted).

Plaintiff's primary arguments as to why the forum selection clause is invalid are that Defendant failed to provide a signed copy of the contract between the parties, and that there were multiple contracts between the parties, of which Defendant only provided one. However, Defendant's reply papers cured this defect by including a signed copy of the 2013 Master Agreement between the parties. Reply, July 29, 2019, D.E. 19, Exh. A, at 3-4.

As to Plaintiff's argument that the parties had multiple contracts, this Court heard oral argument from the parties on October 9, 2019, for the purposes of determining what these other agreements between the parties were an what they governed. Both parties agreed that the signed 2013 Master Agreement governed the claims set forth in Counts I-IV of the Complaint. Plaintiff stipulated on the record that, although there had been other agreements between the parties that both predate and postdate the 2013 Master Agreement, the 2013 Master Agreement controls in this litigation because 2013 was the year in which Defendant obtained the $40 million credit from the Federal Government. *See also* Complaint, D.E. 1, ¶¶6-7 (alleging that Citibank received the credit of more than $40,000,000 "on accounts placed with Faloni" in January 2013, thereby triggering Plaintiff's entitlement to a fee of $8,021,002.50).

Plaintiff does not otherwise argue that the forum selection clause was the result of overreaching or fraud, or that enforcement of the clause would be contrary to public policy or result in litigation in a location so inconvenient as to be unreasonable. Plaintiff in fact advances no other reason the clause is unenforceable. Accordingly, the Court finds that Plaintiff has not met its burden of establishing that transfer to the forum indicated in the forum selection clause is unwarranted. Given the presumption of validity and the lack of any persuasive argument by

Plaintiff to the contrary, the Court finds the forum selection clause is valid, mandatory,[1] and enforceable.

### B. §1404(A) CONSIDERATIONS

Having determined that the forum selection clause at issue is valid, the Court must next evaluate whether transfer is appropriate based on a series of private and public interest factors to determine whether "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). However, when parties have agreed to a forum selection clause, courts must "adjust their usual Section 1404(a) analysis in three ways." *Alt. Marine Constr. Co.*, 571 U.S. at 63. First, the plaintiff's choice of forum holds no weight and plaintiff bears the burden of establishing that transfer to the agreed-upon forum is unwarranted. *Id.* at 63-64. Second, when a party "flouts" its contractual obligation under a forum selection clause and files suit in a different forum, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest

---

[1] Although Plaintiff does not contest that the forum selection clause's language is mandatory, the Court nevertheless finds it to be so. When construing a forum selection clause, the court looks "to the text of the contract to determine whether it unambiguously states the parties' intentions." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.,* 119 F.3d 1070, 1074 (3d Cir. 1997). A mandatory forum selection clause "identifies a particular state or court as having exclusive jurisdiction over disputes arising out of parties' contract and their contractual relationship." *Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech.,* 440 F. Supp. 2d 357, 363 n.1 (D.N.J. 2006) (internal citations and quotations omitted).

Here, the forum selection clause states "[b]oth parties agree to be subject to the jurisdiction of South Dakota courts and that any and all claims arising from this Agreement shall be litigated if at all in the United States District Court for the District of South Dakota." The language of this forum selection clause is unambiguous and not subject to multiple interpretations. Therefore, the Court finds that this language indicates a clear and mandatory forum selection clause indicating that this action must be exclusively litigated in the United States District Court for the District of South Dakota.

considerations." *Id.* at 64-65.  Third, the court should not consider arguments about the parties' private interests.  *Id.* at 64.  Consequently, the court may consider only arguments pertaining to the public interest factors.  That said, "[b]ecause [the public interest] factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases."  *Id.*

>   The public interest factors include:
>
>   (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestions; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara,* 55 F.3d at 879.

Plaintiff's principal arguments are that transfer to South Dakota would be unreasonable because South Dakota is inconvenient for Mr. David A. Faloni, Sr., a septuagenarian, and the federal court in South Dakota would be biased because Defendant both employs a large number of people, and holds a significant amount of bank assets, there.  However, the Court need not address either of these arguments as they are both "private interest factors" not properly before the Court where there is a valid forum selection clause.  *See Alt. Marine Constr. Co.*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient . . . .").  Moreover, while it may be true that traveling to South Dakota would be inconvenient for Mr. Faloni, this argument is unsuccessful in persuading the Court to deny the motion to transfer.  When entering the Agreement and consenting to the District of South Dakota, Plaintiff, a law firm composed of sophisticated litigants in the business of debt collection, knew both the cost and inconveniences associated with litigating against Defendant in South Dakota.  This is certainly not a situation where the

parties were in vastly different bargaining positions at the time they executed the 2013 Master Agreement.

Plaintiff makes only one other argument that is related to the public interest factors properly before this Court: That New Jersey has a local interest in regulating attorney's fees. However, simply because this is a matter involving a law firm does not make it one about attorney's fees. The case before the Court is a contract dispute between sophisticated business entities just like many other contract disputes. Furthermore, the Court finds that local interests equally support both New Jersey and South Dakota. South Dakota has an interest in regulating and protecting its businesses just as New Jersey.

The Court finds that the remaining factors weigh neutrally. The enforceability of the judgment and administrative difficulties factors equally favor South Dakota and New Jersey. Similarly, practical considerations are the same in either forum and do not weigh heavily in either party's favor. Also, each party's witnesses, books, and records are located primarily, if not exclusively, in each party's home state.

In sum, the applicable public interest factors in the Court's § 1404(a) analysis are neutral. In light of Plaintiff's heavy burden, the Supreme Court's instruction that the public interest factors rarely merit keeping a case within a venue contrary to a valid forum selection clause, and the neutrality of the applicable public interest factors, the Court finds that Plaintiff has not met its burden to show that transfer to South Dakota is unwarranted.

### C. COUNT V

The Court agrees with Defendant that in the interest of judicial economy this Count should also be transferred to South Dakota. Plaintiff has not challenged Defendant's argument regarding transfer of Count V. *O'Neal v. Middletown Twp.*, No. , 2019 WL 77066, at *3-4

(D.N.J. Jan. 2, 2019) (failure to dispute an argument constitutes waiver). Moreover, Count V is factually similar to Counts I-IV in that all of Plaintiff's claims are centered on the parties' business relationship and the collection work Plaintiff provided for Defendant. As such, all five counts of the Complaint will involve similar, if not identical, questions of both law and fact, as well as the same witnesses and documents. Finally, courts faced with similar situations have transferred cases where only certain claims are governed by the forum selection clause in the interest of judicial efficiency and economy. *See*, *e.g.*, *McCusker v. hibu PLC*, No. 14-5670, 2015 WL 1600066, at *4-5 (E.D. Pa. Apr. 8, 2015) (finding that "the interests of judicial economy weigh in favor of transferring the entire action to the parties' selected forum" where claims subject to the forum selection claims were factually related to a claim not governed by the clause).

### IV.  CONCLUSION

Based on the foregoing, the Court will grant Defendant's motion to transfer this case to the United States District Court for the District of South Dakota. An appropriate Order will accompany this Opinion.

s/ Michael A. Hammer<br>
**UNITED STATES MAGISTRATE JUDGE**

Dated:  October 16, 2019