UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | \* | |
| FALONI & ASSOCIATES, LLC, | \* | CIV 19-4195 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| CITIBANK N.A.; a/k/a CITIMORTGAGE, | \* | |
| INC.; a/k/a CITIFINANCIAL, INC., | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Faloni & Associates, LLC ("Faloni"), brought this action in the Superior Court of Essex County, New Jersey on March 7, 2019, alleging breach of contract, promissory estoppel, unjust enrichment, and two counts of account stated. (Doc. 1.) On April 10, 2019, Defendant, Citibank, N.A.; a/k/a Citimortgage, Inc.; a/k/a Citifinancial, Inc. ("Citibank") removed the case to the U.S. District Court for the District of New Jersey. (Doc. 1.) On June 26, 2019, Citibank filed a motion to transfer the case to the U.S. District Court for the District of South Dakota pursuant to a forum selection clause in a contract between the parties. (Doc. 16.) On October 16, 2019, the New Jersey District Court transferred the case to the District of South Dakota. (Docs. 33 and 34.)

After the case was transferred to this Court, Citibank filed a Motion to Dismiss. Faloni opposed the motion. On August 13, 2020, this Court granted the motion to dismiss as to Faloni's claim for breach of contract in Count I of the Complaint, and as to the claims for "accounts stated" in Counts IV and V. (Doc. 70.) The motion to dismiss was denied as to Counts II and III alleging promissory estoppel and unjust enrichment. (*Id*.)

Citibank filed an Answer to the Complaint on August 28, 2020. (Doc. 71.)  In the Report of Parties' Planning Meeting, Faloni indicated it was planning to file a motion to transfer this case back to the New Jersey District Court since the breach of contract claim was dismissed. (Doc. 74.)

Faloni filed the motion to transfer on December 7, 2020.  (Doc. 76.)  Citibank opposes the motion. (Doc. 80.)  For the following reasons, the motion to transfer is denied.

## BACKGROUND

Faloni is a law firm located in New Jersey.  (Complaint, ¶ 1.)  Citibank, a national bank, is licensed to operate in and regularly does business in New Jersey.  (*Id.*, ¶ 2.)  Faloni collected delinquent debts on first and second mortgages owned by Citibank pursuant to a contract between the parties which originated as early as April 2009 and was renewable each year thereafter. (*Id.*, ¶¶ 3, 4.)  Faloni alleges that the Attorney Collection Services Master Agreement ("Agreement"), effective January 1, 2013, provided that Faloni "was to receive a nineteen percent (19%) fee on any and all amounts paid on first and second mortgages." (*Id.*, ¶ 6.)  In January 2013, Citibank received a $40 million credit from the federal government in exchange for forgiving certain second mortgage loans that Citibank had placed with Faloni for collection.  (*Id.*, ¶ 6.)  Faloni contends that it is entitled to a 19% fee for the $40 million credit Citibank received, which Faloni calculates to be $8,021,002.05.

The first four counts in Faloni's Complaint assert alternative causes of action to recover the $8 million fee:  Breach of Contract (Count I), Promissory Estoppel (Count II), Unjust Enrichment (Count III), and Account Stated (Count IV). (Complaint, ¶¶ 8-24.)  In Count V, Faloni avers that it is owed $21,002.50 for additional work that it did on behalf of Citibank that was not included in the Agreement.  (*Id.*, ¶¶ 25-31.)

After Citibank filed the motion to transfer the case from New Jersey to South Dakota, Magistrate Judge Michael A. Hammer considered the briefs and then held a hearing.  (Doc. 81-2, Hearing Transcript.)  Judge Hammer then granted Citibank's motion to transfer the case to the District of South Dakota based on the Agreement's forum selection clause.  (Doc. 33.)  The forum selection clause states, *inter alia*, "[b]oth parties agree to be subject to the jurisdiction of South Dakota courts and that any and all claims arising from this Agreement shall be litigated if at all in the United States District Court for the District of South Dakota."  (Doc. 16, Exhibit A, p. 3.)

In granting Citibank's motion to transfer the case to this Court, Judge Hammer ruled that the forum selection clause is valid and enforceable, and found that "[b]oth parties agreed that the signed 2013 Master Agreement governed the claims set forth in Counts I-IV of the Complaint."

(Doc. 33, p. 5.)   Next, Judge Hammer applied the procedural mechanism for enforcing forum selection clauses set forth by the Supreme Court in *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (district courts should give valid forum-selection clauses "controlling weight in all but the most exceptional circumstances") (internal quotation omitted).  If a valid forum-selection clause exists, a court considering a motion to transfer must alter its usual § 1404(a) analysis in three ways:  the plaintiff's choice of forum merits no weight, the court should not consider arguments about the parties' private interests, and the transfer will not carry the original venue's choice-of-law rules.[1]  *Atlantic Marine*, 571 U.S. at 63–64.  After applying the relevant public interest factors, Judge Hammer found that Counts I though IV should be transferred to this Court, summing up his opinion as follows:

> In sum, the applicable public interest factors in the Court's § 1404(a) analysis are neutral.  In light of Plaintiff's heavy burden, the Supreme Court's instruction that the public interest factors rarely merit keeping a case within a venue contrary to a valid forum selection clause, and the neutrality of the applicable public interest factors, the Court finds that Plaintiff has not met its burden to show that transfer to South Dakota is unwarranted.

Doc. 33, p. 8.)   Judge Hammer held that the "account stated" claim in Count V also should be transferred to South Dakota in the interest of judicial economy.  (*Id.*, p. 9.)

After the case was transferred to this Court, Citibank filed a motion to dismiss.  This Court dismissed the breach of contract claim in Count I of the Complaint, as well as the "account stated" claims in Counts IV and V.[2]  (Doc. 70.)

---

[1]  "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public interest considerations."  *Atlantic Marine*, 571 U.S. at 62.  With a valid forum selection clause, the court "may consider arguments about public-interest factors only . . . [and] those factors will rarely defeat a transfer motion."  *Id.* at 64.  Relevant public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  *Id.* at 62 n. 6 (citation and internal quotation marks omitted).

[2]  In its response to Citibank's motion to dismiss, Faloni admitted that its claims for "account stated" are not valid causes of action in South Dakota.

Faloni argues that its remaining claims of unjust enrichment and promissory estoppel are not subject to the forum selection clause because they do not arise out of the contract between the parties. Thus, the case should be transferred back to New Jersey District Court based on the usual analysis under 28 U.S.C. § 1404(a), without applying *Atlantic Marine's* more restrictive analysis for cases involving a valid forum selection clause.

Citibank disagrees and argues that the remaining claims of unjust enrichment and promissory estoppel are subject to the forum selection clause, and that the doctrine of the law of the case should apply to Judge Hammer's decision transferring the case to this Court.

Faloni agrees that the law of the case doctrine applies to orders transferring a case from one court to another, such as Judge Hammer's Order transferring this case to South Dakota. However, Faloni contends that this Court is free to reconsider the New Jersey court's transfer decision now that the circumstances have changed because this Court dismissed the breach of contract claim. Faloni believes that Judge Hammer would not have transferred the case to South Dakota if the breach of contract claim had been dismissed while the case was still pending in New Jersey District Court.

## ANALYSIS

### 1. Law of the Case

Citibank first argues that this Court should deny Faloni's motion to retransfer the case back to New Jersey District Court because Judge Hammer's decision to transfer the case to South Dakota is subject to the law of the case doctrine.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). This doctrine applies "with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 816 (1988). "The law of the case doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided,' but it is 'not a limit to their power.'" *Cottier v. City of Martin*, 604 F.3d 553, 556 (8th Cir. 2010) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should

be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. at 618 n.8).

Faloni agrees that the law of the case applies to Judge Hammer's decision, and Faloni does not argue that Judge Hammer's decision to transfer the case here from New Jersey was clearly erroneous or works a manifest injustice. Rather, Faloni contends that retransfer to New Jersey is called for because the evidence initially supporting the transfer has changed. In support of this argument, Faloni cites *Maxfield v. Cintas Corp.*, 487 F.3d 1132, 1135 (8th Cir. 2007) (holding that "[w]e will consider a previously decided issue under the law-of-the-case doctrine 'only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice'") (quoting *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. and Urban Dev.*, 807 F.2d 1433, 1440–41 (8th Cir. 1986)). However, Faloni does not point to any new evidence that has been uncovered and introduced on this question. Instead, Faloni circles back to its argument that if the breach of contract claim had been dismissed in the District of New Jersey, Judge Hammer would not have transferred this case to South Dakota because the forum selection clause would not have applied to the remaining claims. But this Court's dismissal of the breach of contract claim is not evidence, and no evidence has been introduced that was not before Judge Hammer when he made the transfer decision. In short, dismissal of the breach of contract claim is simply not the type of substantially different evidence that warrants an exception to the law of the case doctrine that would allow relitigation of Judge Hammer's decision to transfer this case to South Dakota.

Faloni also cites a Fifth Circuit case holding that when "unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case." *In re Cragar Indus., Inc.*, 706 F.2nd 503, 505 (5th Cir. 1983). The Fifth Circuit further stated that a retransfer should only be granted "under the most impelling and unusual circumstances." *Id.* The *Cragar* court did not find a unanticipatable post-transfer event that frustrated the purpose of the original transfer. *Id.* at 505. Instead, the Court found that:

> [W]e are unable to find that any event has occurred since the original transfer that was not reasonably forseeable by [Plaintiff]. No new facts have been discovered. No new witnesses have been located. The only "change" is the realization of [Plaintiff]

5

that his claim against Cragar cannot proceed and that General Motors may enjoy a defense in Louisiana it did not have in Mississippi, a matter concerning which we express no opinion. At best, Robinson's requested return to Mississippi is bottomed upon a realization that he may have made a tactical error in his original transfer request[.]

*Id.* at 505–506.  This Court is not bound by *Cragar*.[3]  Even so, *Cragar* does not lead this Court to conclude that Judge Hammer's decision to transfer the case should be revisited.  Nothing has occurred since the case was transferred to this Court that Faloni could not have reasonably foreseen. It is not "unanticipatable" that the breach of contract claim would be dismissed.  Moreover, Citibank argued before Judge Hammer that the first four claims in the Complaint are premised on the same facts and seek recovery of the same $8 million from Citibank.  (Doc. 16-1, Memorandum in Support of Transfer, pp. 3–4.)  In its brief in support of the motion to transfer, Citibank referred to Counts I through IV as the "Agreement Claims."  (*Id.*, p. 4.)  It argued that all four of the "Agreement Claims" are within the scope of the parties forum selection clause.  (*Id.*, p. 11.)  Faloni's main argument in opposition to the transfer was that there was no evidence that a contract existed between the parties.  (Doc. 18.)  Faloni further argued that, if there is a contract, South Dakota would be an inconvenient forum to litigate Faloni's claims.  (*Id.*)  At the hearing on the motion to transfer, Judge Hammer and the parties were able to clarify that a contract did in fact exist, and the parties agreed that the contract governing Faloni's claims is the 2013 Master Agreement.  (Doc. 81-2, Transcript of Hearing.)  Judge Hammer concluded in his decision that the first four claims in Faloni's Complaint should be transferred to this Court pursuant to the forum selection clause in the Agreement.  (Doc. 33.)  Accordingly, it should not come as a surprise to Faloni that the promissory estoppel and unjust enrichment claims would remain subject to the forum selection clause after dismissal of the breach of contract claim.

In sum, the Court sees no "extraordinary circumstances" that would compel it to revisit Judge Hammer's finding that the forum selection clause in the Agreement is valid and applicable to the promissory estoppel and unjust enrichment claims.  Faloni has not proffered any different evidence,

---

[3] This Court is not bound to apply the law of another circuit.  *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (reiterating that district courts in the Eighth Circuit are bound by the precedent of the Eighth Circuit Court of Appeals).

substantial or otherwise, that justifies abandonment of Judge Hammer's decision, and Judge Hammer's decision cannot be characterized as either erroneous or working a manifest injustice. *See*, *e.g.*, *Buc-ee's Ltd. v. Bucks, Inc*., 2018 WL 443320, at *2 (D. Neb. Jan. 16, 2018) ("Motions to retransfer are not readily granted, and are only appropriate where the ruling of the transferor court is clearly erroneous and would result in manifest injustice.") (quoting *Steen v. Murray*, 955 F. Supp. 2d 1030, 1033 (D. Neb. 2013), *aff'd* 770 F.3d 698 (8th Cir. 2014)).

      Though this Court's acceptance of Judge Hammer's transfer order as the law of the case results in a denial of Faloni's motion to retransfer, the Court will address Citibank's alternative argument that the motion to retransfer also fails on the merits because the forum selection clause applies to the two remaining claims.

**2.  Effect of Forum Selection Clause**

      Citibank next argues that the forum selection clause applies to Faloni's unjust enrichment and promissory estoppel claims, requiring litigation of the claims in the District of South Dakota. Faloni counters that such claims are not governed by the forum selection clause.  The parties do not cite any legal authority supporting their respective positions on this issue.

      The Court is instructed by the reasoning in *Terra Int'l, Inc. v. Mississippi Chem. Corp*., 119 F.3d 688, 693–94 (8th Cir. 1997).  There, the Eighth Circuit considered whether a forum selection clause's "arising between the parties hereunder" language covered only those claims "arising under the license agreement" or included tort claims. *Id.* at 692–93.  The Eighth Circuit stated that a "majority of cases suggests that such clauses do apply to tort claims." *Id.* at 693.  The Court reviewed cases from the First, Third, and Ninth Circuits, analyzing whether the "tort claims 'ultimately depend on the existence of a contractual relationship' between the parties." *Id.* at 694.  The Eighth Circuit concluded that a forum selection clause encompasses tort claims if the situation meets any of "three generally applicable tests." *Id.* at 694.  The first test is whether the "tort claims ultimately depend on the existence of a contractual relationship between the parties." *Id.* (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983)) (internal quotation marks omitted).  The second test asks "'whether resolution of the claims relates to interpretation of the contract.'" *Id.* (quoting *Manetti–Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514 (9th Cir. 1988)).  Under the third test, a forum selection clause covers a tort claim if the claim involves "the

same operative facts as a parallel claim for breach of contract." *Id.* (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir. 1993)) (internal quotation marks omitted).  The Eighth Circuit held that the tort claims at issue in *Terra Int'l* "involve[d] the same operative facts as would a parallel breach of contract" and were therefore also subject to the forum selection clause in the agreement.  *Terra Int'l*, 119 F.3d at 695.

Courts have applied this analysis, or a similar one, to quasi-contractual claims as well as tort claims.  *See, e.g.*, *Duffield v. MPC Pipelines, Inc*., 2017 WL 89004, at *5 (D.S.D. Jan. 10, 2017) (holding that equitable claims, including unjust enrichment, are covered by forum selection clause because "[a]lthough they are equitable and not tort claims, these causes of action revolve around facts operative in a breach of contract claim") (citing cases); *Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 124 (D.D.C. 2008) ("[Plaintiff's] labeling of the claims as 'fraudulent inducement' and 'promissory estoppel' does not shield those tort claims from coverage by the forum selection clause.  Where the 'contract is the basic source of the defendant's duty to plaintiff,' the tort claim 'arises' from the contract."); *Cedars-Sinai Med. Ctr. v. Glob. Excel Mgmt., Inc*., 2010 WL 5572079, at *6 (C.D. Cal. Mar. 19, 2010) (holding that "breach of implied contract and unjust enrichment claims are also covered by the forum selection clause because, otherwise, any party could simply plead around a forum selection clause by alleging claims under implied contract or quasi-contract theories").  *See also Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (recognizing "principle that pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms").

Applying these principles to the present case, the Court is satisfied that Faloni's unjust enrichment and promissory estoppel claims fall within the forum selection clause.  The Agreement between the parties provides that "any and all claims arising from this Agreement shall be litigated if at all in the United States District Court for the District of South Dakota."  The basis of Faloni's promissory estoppel and unjust enrichment claims is that Citibank has not paid Faloni a nineteen percent fee as Citibank promised to do in the Agreement.  Judge Hammer stated that, "all five counts of the Complaint will involve similar, if not identical, questions of both law and fact, as well as the same witnesses and documents."  (Doc. 33, p. 9.)  Tellingly, the Complaint describes the factual

allegations as "Allegations Applicable to All Counts." (Complaint, p. 1.) In the promissory estoppel and unjust enrichment claims alleged in Counts II and III , Faloni does not assert any additional facts but instead "repeats and re-alleges" the allegations contained earlier in the Complaint, including those in the breach of contract claim (Count I). This demonstrates that common facts are shared between the claims and that there is a logical and causal connection between the Agreement and Faloni's unjust enrichment and promissory estoppel claims. Faloni's allegations indicate that the Agreement is the basis for the parties' relationship and the basis for this lawsuit, and Faloni's promissory estoppel and unjust enrichment claims involve substantially the same operative facts as its breach of contract claim. As a result, the forum selection clause is applicable to the remaining claims. The Court agrees with Judge Hammer's conclusion that the public interest factors do not outweigh Faloni's heavy burden to overcome the parties' choice of forum. Accordingly,

**IT IS ORDERED** that Plaintiff Faloni & Associates, LLC's motion to retransfer this case to New Jersey District Court is denied. (Doc. 76).

Dated this 12th day of April, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

9