UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FALONI & ASSOCIATES, LLC, | \* | CIV 19-4195 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| CITIBANK N.A.; a/k/a CITIMORTGAGE, INC.; a/k/a CITIFINANCIAL, INC., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Faloni & Associates, LLC ("Faloni"), brought this action in the Superior Court of Essex County, New Jersey on March 7, 2019, alleging breach of contract, promissory estoppel, unjust enrichment, and two counts of account stated. (Doc. 1.) On April 10, 2019, Defendant, Citibank, N.A.; a/k/a Citimortgage, Inc.; a/k/a Citifinancial, Inc. ("Citibank") removed the case to the U.S. District Court for the District of New Jersey. (Doc. 1.) On June 26, 2019, Citibank filed a motion to transfer the case to the U.S. District Court for the District of South Dakota pursuant to a forum selection clause in a contract between the parties. (Doc. 16). On October 16, 2019, the New Jersey District Court transferred the case to the District of South Dakota. (Docs. 33 and 34.)

After the case was transferred to this Court, Citibank filed a Motion to Dismiss. Faloni opposed the motion. On August 13, 2020, this Court granted the motion to dismiss as to Faloni's claim for breach of contract in Count I of the Complaint, and as to the claims for "accounts stated" in Counts IV and V. (Doc. 70.) The motion to dismiss was denied as to Counts II and III alleging promissory estoppel and unjust enrichment. (*Id*.) Citibank filed an Answer to the Complaint on August 28, 2020. (Doc. 71.)

On December 7, 2020, Faloni filed a motion to transfer the case back to the New Jersey District Court. (Doc. 76). Citibank opposed the motion. (Doc. 80.) On April 12, 2021, Faloni's motion to retransfer the case to New Jersey was denied. (Doc. 85.)

On July 29, 2021, Faloni filed a motion to amend the Complaint to add a claim for quantum meruit. (Doc. 89.) In addition to opposing the motion to amend, Citibank moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 92.)

## BACKGROUND

The background of this case is set forth in this Court's previous Memorandum Opinions (Docs. 70, 85), and it will not be repeated here.

## DISCUSSION

### I. Citibank's Motion for Judgment on the Pleadings

Citibank urges the Court to grant judgment on the pleadings on the remaining claims of promissory estoppel (Count II) and unjust enrichment (Count III). It argues that Faloni's motion to amend the Complaint and the allegations in the proposed amendment show that Counts II and III are barred by the express Agreement between the parties.

### A. Standard of Review

A motion for judgment on the pleadings is appropriately granted "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). In considering a motion under Federal Rule of Civil Procedure 12(c), it is analyzed under the same rubric as that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See id. See also E.E.O.C. v. Northwest Airlines, Inc.*, 216 F. Supp. 2d 935, 937 (D. Minn. 2002). Under Rule 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *cited in Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to

relief. *Id*. (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

### B. Analysis

In a prior ruling, this Court dismissed the breach of contract claim but held that Faloni could pursue its quasi-contractual claims of unjust enrichment and promissory estoppel. (Doc. 70.) This Court noted that there was a dispute regarding the applicability of the Agreement to some of the services provided by Faloni, and that it was too early to determine whether the Agreement specifically addresses all of the services alleged. (*Id*. at 14.)

Citibank argues it is now clear that the Agreement governs Faloni's quasi-contractual claims. Citibank bases this argument on the allegations asserted by Faloni in its proposed Amended Complaint wherein Faloni seeks to add a claim for quantum meruit. According to Citibank, the allegations Faloni asserts in support of its quantum meruit claim show that Faloni is seeking "to recover for services performed on the loan Accounts that were placed by Citibank for collection and therefore arise under the exact subject matter covered by the parties' Agreement." (Doc. 93 at 12.) Citibank asserts that, under South Dakota law, a plaintiff may not pursue quasi-contractual claims like promissory estoppel or unjust enrichment when there is an express contract governing the subject matter at issue. (Doc. 93 at 13.) That is true. However, the Agreement between the parties will not bar recovery under quasi-contractual claims if Faloni can show that the Agreement does not cover the services provided. (Doc. 99 at 6.) Faloni contends that it can do just that. Specifically, Faloni believes that discovery will reveal: 1) that there were "multiple implied in fact contracts" with Citibank outside of the Agreement; 2) that Citibank had knowledge that the accounts were going to be recalled but hid that knowledge from Faloni and advised Faloni to keep working on the accounts, thus altering the agreement between the parties; 3) that the Agreement between the parties may have ended before Faloni completed the work requested by Citibank, and the Agreement does not govern services rendered after its termination; 4) that Citibank obtained a benefit from Faloni's

work by obtaining "more of a credit on the accounts Faloni was able to litigate and get judgment;" and 5) that Citibank was not following the terms of the contract. Faloni points out that when it signed the Agreement with Citibank, it "could not foresee that Citi would, instead of paying a fine for its alleged conduct, work out a deal with the CFPB [Consumer Financial Protection Bureau] to absolve consumers of loans." (Doc. 99 at 8.)

For purposes of Citibank's motion to dismiss, the issue is not whether Faloni ultimately will prevail, but whether it appears beyond doubt that Faloni can prove no set of facts in support of its quasi-contractual claims which would entitle it to relief. It is still too early to determine whether Faloni can show that some of its services fall outside of its Agreement with Citibank. The discovery deadline is April 1, 2022. (Doc. 88.) Because Faloni has asserted facts in the Complaint which support its promissory estoppel and unjust enrichment claims, those claims will not be dismissed at this stage of the litigation.

## II. Faloni's Motion to Amend to Add Claim for Quantum Meruit

Faloni seeks an order allowing it to amend the Complaint to add a claim for quantum meruit. Citibank argues that the motion to amend should be denied for two reasons. First, Citibank asserts that a quantum meruit claim is barred by the parties' express Agreement. Second, Citibank claims that Faloni failed to plead the elements of quantum meruit because Faloni "could not have ***reasonably*** expected payment for any services performed on any Accounts that were recalled by Citibank." (Doc. 93 at 11) (emphasis in original).

### A. Standard for Motion to Amend Complaint

A timely motion to amend a party's pleadings is ordinarily governed by Rule 15 of the Federal Rules of Civil Procedure.[1] Although leave to amend the complaint is typically freely given, whether to permit amendment of the complaint or addition of parties is committed to the court's discretion. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)); *see* Fed. R. Civ. P. 15(a)(2).

A court may deny a motion for leave to amend if there has been undue delay, bad faith, or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously

---

[1] Faloni's motion to amend the Complaint is timely because it was filed on July 29, 2021- - within the August 2, 2021 deadline set in this Court's Rule 16 Scheduling Order, Doc. 88.

allowed, undue prejudice to the non-moving party, or futility of the amendment. *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). A proposed amendment to a pleading may be denied as "futile" if it could not withstand a Rule 12(b)(6) motion to dismiss. *Cornelia I. Crosswell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

### B. Analysis

An implied contract or quantum meruit "is a fiction of the law adopted to achieve justice where no true contract exists." *Weller v. Spring Creek Resort, Inc.*, 477 N.W.2d 839, 841 (S.D. 1991). "Where there is a valid express contract between parties in relation to a transaction fully fixing the rights of each, there is no room for an implied promise, or suit on quantum meruit." *Surgical Institute of SD, PC v. Sorrell*, 816 N.W.2d 133, 141 (S.D. 2012) (quoting *Aetna Life Ins. Co. v. Satterlee*, 475 N.W.2d 569, 574 (S.D. 1991)). Where, however, no contract exists or the dispute centers on a subject not addressed by the contract, an issue of fact is created and quantum meruit may apply as to that subject. *See ABC Elec., Inc. v. Nebraska Beef, Ltd.*, 249 F.3d 762, 767 (8th Cir. 2001) (applying Nebraska law). Quantum meruit requires the plaintiff to prove the defendant requested the plaintiff's services and the plaintiff reasonably expected to be paid. *Johnson v. Larson*, 779 N.W.2d 412, 417 (S.D. 2010). If these elements are proved, damages may be awarded even if the defendant did not benefit from the plaintiff's services. *Id.* at 417–18.

Faloni's quantum meruit claim asserts that Citibank continued to receive the benefit of Faloni's work on 500 files after Citibank recalled the files, that Citibank ordered and requested the additional services outside the scope of the parties' Agreement, that Citibank knew Faloni was providing services outside the scope of the parties' Agreement, and that Faloni expected payment for the services rendered. (Doc. 91-1.) These assertions meet the plausibility standards required to avoid dismissal of a quantum meruit claim. Faloni's proposed amendment also sufficiently alleges the elements of quantum meruit. Accordingly,

**IT IS ORDERED**:

1. That Plaintiff Faloni & Associates, LLC's motion to amend the Complaint is granted. (Doc. 89.) Faloni shall serve and file an unredacted version of the First Amended Complaint.

2. That Citibank shall serve and file an Answer to the First Amended Complaint within twenty-one (21) days of receipt of this Order.

3. That Defendant Citibank's motion for judgment on the pleadings is denied. (Doc. 92.)

Dated this 6th day of January, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____