UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FALONI & ASSOCIATES, LLC, ) | Case No. 4:19-cv-04195-LLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **FIRST AMENDED COMPLAINT** |
| ) | |
| CITIBANK N.A.; a/k/a CITIMORTGAGE, ) | |
| INC.; a/k/a CITIFINANCIAL, INC., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, FALONI & ASSOCIATES, LLC whose address is 165 Passaic Avenue Suite 301B, Fairfield, New Jersey 07004, by way of Complaint against the Defendants, CITIBANK, NA; a/k/a CITIMORTGAGE, INC.; a/k/a CITIFINANCIAL, INC., says:

**JURISDICTIONS AND PARTIES**

1. Plaintiff, Faloni & Associates, LLC (hereinafter "Faloni") is a Law Firm licensed to do business in the State of New Jersey and practices law at 165 Passaic Avenue Suite 301B, Fairfield, New Jersey 07004.

2. Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc., (hereinafter collectively "Citi") is a national bank and maintains offices throughout the State of New Jersey and is registered with the New Jersey Banking Commission and is licensed to do business in the State of New Jersey.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

3. At all times prior to and after April 7, 2009 Faloni and Citi entered into a contract wherein Citi would place certain delinquent receivables with Faloni to collect monies due for Citi on said accounts.

4. Citi placed delinquent 2nd mortgages with Faloni. The 2nd mortgages were loans made to consumers and businesses and were in default.

5. Faloni was to receive a nineteen percent (19%) fee on any and all amounts collected on the 2nd mortgages. Faloni commenced legal proceedings to collect said 2nd mortgage accounts provided by Citi.

6. In January 2013 in response to the national mortgage settlement campaign Citi received a credit of over Forty Million Dollars ($40,000,000.00) from the Federal Government on accounts placed with Faloni. Faloni had placed judgments on said accounts and was required to file warrants of satisfaction on said accounts. Citi received credit from the federal government which entitled Faloni to a nineteen percent (19%) fee of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50).

7. Although Faloni billed Citi for the fee, Citi failed to pay Faloni resulting in Faloni's claim for against Citi Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50).

8. Citi was aware it received credit or payment on said mortgages and required Faloni to complete all its legal work on the file. Faloni worked said files until November 2014 and has not been paid for the services performed.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 8 of this Complaint as if set forth herein at length.

10. Citi entered into a valid, binding and enforceable agreement and contract with Faloni agreeing to pay Faloni a nineteen percent (19%) fee for services rendered in the collection of Citi's delinquent mortgage loan accounts.

11. Citi received credit for Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50) worth of mortgage receivables. Plaintiff is entitled to a fee of nineteen percent (19%) of the credits Citi received.

12. The agreement contained and implied covenant of good faith and fair dealing to pay Faloni its contingent fee on credits received by Citi. As a result, Citi breached the contract by not paying the nineteen percent (19%) fee on credits received.

13. There is presently due and owing to Faloni from Citi the principal amount of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50) in charges of at least said amount plus interest and attorney's fees set forth by the Court.

14. Faloni satisfied all conditions precedent to Citi's obligations to make the payment to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc. as jointly and severally follows:

    a. Awarding compensatory and consequential damages in the sum of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50); and

    b. Awarding costs of suit and reasonable attorneys' fees; and

    c. Pre- and post- judgment interest.

## COUNT II
### PROMISSORY ESTOPPEL AGAINST CITIBANK, NA; CITIMORTGAGE, INC AND CITIFINANCIAL, INC

15. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 14 of this Complaint as if set forth herein at length.

16. In reliance on Citi's assurances that Faloni would be paid in full for its services rendered Faloni continued to render services to Citi pursuant the contract between the parties.

17. Despite demand, Citi has failed to pay Faloni for the services rendered under the contract.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc. as jointly and severally follows:

    a. Awarding compensatory and consequential damages in the sum of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50); and

    b. Awarding costs of suit and reasonable attorneys' fees; and

    c. Pre- and post- judgment interest; and

    d. Awarding any other relief that the Court deems necessary and just.

## COUNT III
### UNJUST ENRICHMENT

18. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 17 of this Complaint as if set forth herein at length.

19. Citi retained the benefit of Faloni's services, supplies, materials and has not paid Faloni.

20. Citi has directly benefited by receiving from the Federal Government under the national mortgage settlement campaign credits for the mortgage loan accounts.

21. As a consequence, Citi has been unjustly enriched.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc. as jointly and severally follows:

    a. Awarding compensatory and consequential damages in the sum of Eight Million Twenty One Thousand Two Dollars and Fifty Cents ($8,021,002.50);

    b. Awarding costs of suit and reasonable attorneys' fees;

    c. Pre- and post- judgment interest; and

    d. Awarding any other relief that the Court deems necessary and just.

## COUNT IV
## ACCOUNT STATED

22. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 21 of this Complaint as if set forth herein at length.

23. There is presently due and owing to Faloni from Citi the principal amount of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50) in charges of at least said amount plus interest and attorney's fees set forth by the Court.

24. Notwithstanding Faloni's entitlement to payment in full on the account stated between the parties, and notwithstanding Faloni's numerous demands upon Citi for such payment, Citi and its affiliates have failed and refused, and continues to fail and refuse to remit payment to Plaintiff on the account stated between the parties.

25. As a direct and proximate result of Citi's continuing failure and refusal to remit payment in full to Faloni on the account stated between the parties, Faloni has suffered and continues to suffer injury and harm for which Citi should be held liable in damages.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc., as jointly and severally follows:

    a. Awarding compensatory and consequential damages in the sum of Eight Million Twenty-One Thousand Two Dollars and Fifty Cents ($8,021,002.50); and

    b. Awarding costs of suit and reasonable attorneys' fees; and

    c. Pre- and post- judgment interest; and

      d. Awarding any other relief that the Court deems necessary and just.

## COUNT V
## ADDITIONAL ACCOUNTS STATED

26. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth herein at length.

27. The parties entered into a separate contract wherein Citi placed approximately ten thousand (10,000) consumer accounts with Faloni for legal action and collection at a contingency rate of twenty percent (20%).

28. On or about December 2016 Citi terminated its relationship with Faloni.

29. Faloni had commenced legal action on approximately ten thousand (10,000) delinquent commercial and consumer accounts which were in various stages of litigation, complaint filing, court proceedings, discovery, trial dates, defaults, judgments, executions and voluntary payments.

30. At the request of Citi, the ten thousand (10,000) accounts were returned to Citi without any payment to Faloni. Pursuant to contract between the parties, Citi was entitled to recall said accounts.

31. The accounts were electronically being returned to Citi. Citi then requested that the accounts be forwarded to another attorney's office along with notes relating to court proceedings, collections proceedings and complete statuses of said accounts. Faloni advised Citi that there would be a charge for the additional work as it was not required under the contract.

32. Faloni requested compensation for the extra conferences, labor, and computer/programming work and charged Citi Twenty-One Thousand Two Dollars and Fifty Cents ($21,002.50). Faloni has made several attempts to collect the additional amount however Citi has refused to pay said amounts.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a Citimortgage, Inc; a/k/a Citifinancial, Inc. as jointly and severally follows:

      a. Awarding compensatory and consequential damages in the sum of Twenty-One Thousand Two Dollars and Fifty Cents ($21,002.50);

      b. Awarding costs of suit and reasonable attorneys' fees;

      c. Pre- and post- judgment interest; and

      d. Awarding any other relief that the Court deems necessary and just.

## COUNT VI
## QUANTUM MERUIT.

33. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 32 of this Complaint as if set forth herein at length.

34. Count I of Plaintiff's Complaint alleging express breach of contract has been dismissed by the United States District Court, District of South Dakota, Southern Division (Doc. 70 at 11) as it relates to payment of a 19% commission to Plaintiff on direct payments and credits received by Citibank.

35. Defendant continued to receive the benefit of Faloni's work when it entrusted Plaintiff to perform legal services and work on the 500 separate files it received from Citi during 2017 and prior and November 2014 when it recalled the files.

36. At all times, Citi was aware that Faloni was providing additional services, outside the scope of their agreement, and the value of the services that being provided pursuant to direct requests from Citi.

37. At no time did Citi object to Faloni's performance of the additional services, instead, Citi accepted those benefits knowing Faloni expected payment for the services rendered.

38. At no time prior to 2017 or after November 2014 was concluded, did Citi contend that the additional services were unacceptable.

39. The additional services were a benefit to Citi and were ordered and requested by Citi either in writing or orally.

40. Quantum meruit implies a contract where none exists and awards restitution for value of services Plaintiff can reasonably expect.

41. It would be inequitable and unjust for Citi to retain the benefit Faloni conveyed upon Defendants without payment to Faloni.

WHEREFORE, Plaintiff demands judgment against Defendants, Citibank, NA; a/k/a/ Citimortgage, Inc; a/k/a Citifinancial, Inc. as jointly and severally follows:

> b. Awarding compensatory and consequential damages in an amount to be determined at trial but upon information and belief not less than $3,400,000.00;
>
> c. Awarding costs of suit and reasonable attorneys' fees;
>
> d. Pre- and post- judgment interest; and

  e. Awarding any other relief that the Court deems necessary and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 31st day of January, 2022.

      GUNDERSON, PALMER, NELSON
       & ASHMORE, LLP


By: */s/ Richard M. Williams*
   Richard M. Williams
   506 Sixth Street
   P.O. Box 8045
   Rapid City, SD  57709
   Telephone: (605) 342-1078
   Telefax:  (605) 342-9503
   E-mail:  rwilliams@gpna.com

   David A. Faloni, Esq. *(pro hac vice)*
   Faloni & Associates, LLC
   165 Passaic Avenue, Ste. 301B
   Fairfield, NJ 07004
   Telephone: (973) 226-0050
   Telefax: (973) 575-0491
   E-mail:  Davef@falonilaw.com

   *Attorneys for plaintiff, Faloni & Associates, LLC*