UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FALONI & ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK N.A.; a/k/a CITIMORTGAGE, INC.; a/k/a CITIFINANCIAL, INC.,<br><br>Defendant. | 4:19-CV-4195-LLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY |

Pending before the Court is Citibank's Motion to Exclude Expert Testimony of Adrienne LePore. (Doc. 132.) For the following reasons, Citibank's Motion to Exclude is granted.

## BACKGROUND

Faloni & Associates, LLC ("Faloni"), seeks to recover for collection and legal work it performed on certain second mortgage accounts that Citibank placed with Faloni but later recalled. Faloni seeks damages for the time spent by its lawyers and paralegals working on the recalled accounts. Faloni asserts that Ms. LePore's testimony is relevant to prove the value of the work that Faloni provided to Citibank by establishing hourly rates for the time expended by Faloni's lawyers and paralegals.[1]

In support of the pending motion, Citibank explains that Faloni provided only "a two-sentence opinion – a mere 63 words – in [Ms. LePore's] letter regarding the approximate hourly rates for trial attorneys and paralegals in New Jersey during the year 2012." (Doc. 133, p. 1.) Citibank argues that Ms. LePore is a retained expert who must provide the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Because Faloni has not produced a detailed expert report, Citibank asserts that Ms. LePore's testimony should be excluded.

---

[1] Ms. LePore is a lawyer who has worked in New Jersey courts since 2000. She is "familiar with the hourly billing rates charged by New Jersey attorneys for plaintiff's work." (Doc. 133-1.)

## DISCUSSION

The parties dispute which provision of Rule 26 applies to Ms. LePore. Citibank asserts that Ms. LePore's testimony is governed by Rule 26(a)(2)(B), which states:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)

In contrast, Faloni contends that Ms. LePore is not a retained expert. "Rather, Ms. LePore is generally familiar with the collection business and Faloni's practice." (Doc. 138, p. 1.) Faloni argues that Rule 26(a)(2)(C) applies. Rule 26(a)(2)(C) is "less demanding for experts that are not specially employed or retained for litigation." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). Rule 26(a)(2)(C) requires disclosure of only the subject matter on which the witness will testify, and a summary of the facts and opinions to which the witness will testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

In reply, Citibank refutes Faloni's contention that Ms. LePore is not a "retained" expert. Citibank argues that LePore clearly was hired for the sole purpose of providing expert testimony at trial regarding Faloni's damages, and thus the more extensive disclosure requirement located in Rule 26(a)(2)(B) applies here.

The Court concludes that Ms. LePore does not fit the criteria for classification as a Rule 26(a)(2)(C) witness. Ms. LePore's opinion was prepared specifically for litigation and does not

equate to the opinion of an expert who was involved in the events leading up to litigation, such as the opinions of treating physicians. *See, e.g., Bharucha v. Holmes*, 2010 WL 1878416, at *3 (D.S.D. May 11, 2010) (holding that treating physicians were experts under Rule 26(a)(2)(C), and not under Rule 26(a)(2)(B), because their opinion testimony was limited to that "based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial") (internal quotation and citation omitted). Thus, the more extensive disclosure requirements found in Rule 26(a)(2)(B) apply to Ms. LePore.

There is no dispute that Faloni's disclosure of Ms. LePore's opinions does not comply with the requirements of Rule 26(a)(2)(B). "[I]f a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless." *Vanderberg*, 906 F.3d at 703 (citing Fed. R. Civ. P. 37(c)(1)).

Faloni does not offer any justification for failing to meet the expert disclosure requirements. Rather, Faloni believes its disclosure is adequate. That is not a substantial justification. In addition, Faloni's failure to disclose all of the information required for Ms. LePore's testimony is not harmless. *See* Fed. R. Civ. P. 37(c)(1). Citibank contends that it likely would require additional discovery if Faloni were to provide the disclosures at this late date. The trial in this 2019 case is scheduled to begin on August 1, 2023. No further delays will be allowed.

Faloni will not be harmed by the exclusion of Ms. LePore's testimony. Faloni asserts that David A. Faloni, Sr. can testify regarding the reasonable hourly rates for lawyers and paralegals in New Jersey. (Doc. 138, p. 2.) In *Olson v. Aldren*, 170 N.W.2d 891, 895 (1969), the South Dakota Supreme Court held that the experience of the plaintiff/business owner allowed him to testify as to the lost profits of the business. The Eighth Circuit cited *Olson* with approval in *Diesel Machinery, Inc., v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 837 (8th Cir. 2005) (holding that "business owner's testimony is sufficient to support an award of lost profits"). This reasoning supports allowing Mr. Faloni to testify as to the reasonable hourly rates for the work performed by Faloni lawyers and paralegals on the Citibank accounts at issue in this case. Accordingly,

3

**IT IS ORDERED:**

1. That Citibank's Motion to Exclude Expert Testimony is granted. (Doc. 132.)
2. That the testimony of Adrienne LePore will be excluded from the trial in this case.

Dated this 12th day of July, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____